IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

GREGORY MARQUE HILLIE                                                    PETITIONER

v.                                                                      No. 4:18CV12-SA-DAS

JUDGE DEBRA A. BROWN, ET AL.                                           RESPONDENTS

MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Gregory Marque Hillie for a writ

of *habeas corpus* under 28 U.S.C. § 2241. For the reasons set forth below, the instant petition for a

writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted.

### *Habeas Corpus* Relief Under 28 U.S.C. § 2241

The writ of *habeas corpus*, a challenge to the legal authority under which a person may

be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar

Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St.

John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law

of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is

equally significant in the United States. Article I, § 9, of the Constitution ensures that the right

of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or

invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56.

Its use by the federal courts was authorized in Section14 of the Judiciary Act of 1789. *Habeas*

*corpus* principles developed over time in both English and American common law have since

been codified:

> The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the
> 1948 Judicial Code. The recodification of that year set out important procedural
> limitations and additional procedural changes were added in 1966. The scope of the

> writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2241, a federal court may issue the writ when the petitioner is in state custody pursuant to something other than a state court judgment (such as pretrial detention, pretrial bond order, etc.), a federal court may order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

## Discussion

Mr. Hillie has recently filed numerous, and similar, petitions for *habeas corpus* relief under 28 U.S.C. § 2241 in this court. Each petition is substantially blank, and the bulk of the writing on it is indecipherable. He is a pretrial detainee at the Bolivar County Regional Correctional Facility. In the present petition, Mr. Hillie has named a Judge of this court as a respondent and is unhappy with the way one of his federal cases before that Judge is progressing. He refers in his petition to "Motion comparison Georgia and United States of America," "request lawsuit 1000 U.S. Currency daily," "America with disability Act," and "intergrammer time table." His petition makes little sense, and none of his allegations involve a federal *habeas corpus* claim, as he has not challenged the fact or duration of his confinement. For these reasons, the instant petition will be dismissed.

**Conclusion**

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion will issue today.

        **SO ORDERED**, this, the 13th day of April, 2018.

                                   **/s/ Sharion Aycock**
                                    **U.S. DISTRICT JUDGE**